IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROYCHESTER WALKER, #292219, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:20-CV-113-WHA |
| | ) | |
| MRS. HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Roychester Walker, an indigent inmate confined in the Houston County Jail, initiated the instant 42 U.S.C. § 1983 action on February 19, 2020.  After reviewing the complaint, the court deemed it necessary that Walker file an amendment as the complaint "fails to state how [the defendant] acted in violation of his constitutional rights" and provided him an opportunity to do so.  Doc. 4.  The court advised Walker that in filing the amendment he must "set[] forth a factual basis regarding how the defendant acted in violation of his constitutional rights."  Doc. 4.  Walker failed to file an amendment as directed by the aforementioned order within the time required by the court.  Thus, the court entered an order "that on or before March 23, 2020 the plaintiff shall show cause why this case should not be dismissed for his failure to file an amendment to the complaint as ordered by this court." Doc. 5.  The court specifically cautioned "[t]he plaintiff . . . that if he fails to comply with this order the Magistrate Judge will recommend that this case be dismissed without prejudice for his failure to amend the complaint and to properly prosecute this action."  Doc. 5.

As of the present date, Walker has failed to file an amendment to the complaint as directed by this court.  In light of Walker's failure to file the requisite amendment, the court concludes that this case should be dismissed.  *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing such action and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."  *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to file an amendment to the complaint as ordered by this court.

On or before **April 17, 2020**, the plaintiff may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of April, 2020.


_____/s/  Charles S. Coody_____
UNITED STATES MAGISTRATE JUDGE